# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE LEIGH WHITAKER, et al. | ) | CIVIL COMPLAINT |
| | ) | |
| | ) | Case No. 1:18-cv-00540-WOB |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE JOSEPH W. KIRBY, | ) | JUDGE WILLIAM O. BERTELSMAN |
| | ) | |
| Defendant. | ) | |

## MOTION FOR SPEEDY TRIAL OF DECLARATORY JUDGMENT ACTION

Pursuant to Fed. R. Civ. P. 57, Plaintiffs respectfully request that this Court set a speedy trial in this declaratory judgment action, as Plaintiffs may suffer irreparable harm if the relief sought in this action is not obtained on an expedited basis. This Court previously granted Plaintiff's motion to expedite, but a trial date has not yet been set. Doc. 12, PAGEID #: 90. Therefore, Plaintiffs respectfully request that this Court schedule an evidentiary hearing and bench trial to take place within 21 days after Defendant files his Reply in Support of Defendant's Motion to Dismiss.

Plaintiffs further request that the Court either deny Defendants' motion to dismiss on the papers in advance of the speedy trial, or alternatively, move to defer any hearing on that motion until the time of the speedy trial pursuant to Fed. R. Civ. P. 12(i). *See also Serras v. First Tennessee Bank National Association,* 875 F.2d 1212, 1213, 1216 (6th Cir.1989); *Sterling v. Velsicol Chem. Corp.,* 855 F.2d 1188, 1195 (6th Cir. 1988). Scheduling a separate preliminary hearing on Defendant's motion to dismiss would serve only to delay a

1

hearing on the merits in this matter, exposing Plaintiffs to further risk of serious and irreparable harm. This Motion is supported by the Declaration of Linda Hawkins, PhD, MSEd, LPC ("Hawkins Decl.").

Federal Rule of Civil Procedure 57 provides that this Court "may order a speedy hearing of a declaratory-judgment action." *See also United States v. Stein,* 452 F.Supp.2d 230, 270 (S.D.N.Y. 2006). Plaintiffs will suffer irreparable harm without a prompt hearing or trial. Unlike in most Section 1983 cases, preliminary injunctive relief is not available in this action, so a speedy trial is the only procedure available to prevent or mitigate those serious harms. Linda Hawkins, the founder and co-director of the Gender and Sexuality Development Clinic at the Children's Hospital of Philadelphia, has provided medical care for more than 1,000 transgender patients and testified that Plaintiffs may suffer significant harm if forced to delay the resolution of this matter. She states in her Declaration:

> Obtaining legal recognition of a young person's new name is a critical part of social transition. A recent study found that permitting transgender youth to adopt a new name that reflects their gender identity substantially reduces their risk of depression and suicidality.
>
> . . .
>
> Being able to control when and whether to disclose one's transgender status is crucial for the safety, health and wellbeing of transgender youth. Having identity documents that match who they are affords transgender youth the ability to make those important and personal decisions.

Hawkins Decl. ¶ 12 (citing Stephen Russell, et al., *Chosen Name Use Is Linked to Reduced Depressive Symptoms, Suicidal Ideation, and Suicidal Behavior Among Transgender Youth*, Journal of Adolescent Health (2018)); ¶ 23.

A legal name change is essential to the social transition process because "the longer a transgender minor must wait to obtain a legal name change, the greater the psychological and social harm that is likely to result." Hawkins Decl. ¶22. Obtaining a legal name change is necessary for transgender people to obtain passports that reflect their gender identity and to apply for colleges and universities, including financial aid applications, without having to suffer the embarrassment, invasion of privacy and risk of potential discrimination caused by having a legal name that does not reflect the minor's actual identity. Hawkins Decl. ¶ 17. Hawkins further stated that it is "psychologically damaging for a transgender youth to be treated differently than other youth when seeking a legal name change," especially when "the validity of their gender identity is questioned by an adult in a position of authority." Hawkins Decl. ¶ 21.

The harm to John Doe is particularly time-sensitive as he is preparing to apply to college, application deadlines begin on November 1, 2018. Absent a resolution of this matter, Defendant's discriminatory treatment of name change applications filed on behalf of transgender minors will force John Doe to reveal his transgender status on his applications and deny John the opportunity to attend a college or university where other do not know his transgender status. Either circumstance exposes him to further discrimination and psychological harm.

Further, Plaintiffs are not aware of any disputed issues of fact of the sort that require extensive discovery or evidentiary development, and a speedy trial will terminate the controversy between the parties.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court hold a trial to take place within 21 days after the Defendant files his Reply in Support of Defendant's Motion to Dismiss.

Plaintiffs further request that the Court either deny on Defendant's pending motion to dismiss in advance of the trial without scheduling a separate hearing, or alternatively, have a consolidated hearing on that motion with the trial on the merits. Scheduling a separate preliminary hearing on Defendant's motion to dismiss would serve only to delay a hearing on the merits in this matter, exposing Plaintiffs to further risk of serious and irreparable harm.

Respectfully submitted,

 /s/ Joshua R Langdon
Joshua R. Langdon, Ohio Bar #90956
Josh Langdon, LLC
810 Sycamore Street, Fl. 2
Cincinnati, Ohio 45202
Phone: (513) 246-1400
Fax: (513) 263-9000
E-mail: josh@joshlangdon.com

Shannon Minter*
Christopher Stoll*
Asaf Orr*
National Center for Lesbian Rights

870 Market Street, Suite 370
San Francisco, CA 94102
Phone: (415) 392-6257
Fax: (415) 392-8442
sminter@nclrights.org
cstoll@nclrights.org
aorr@nclrights.org

Attorneys for Plaintiffs


\* *pro hac vice* pending


## CERTIFICATE OF SERVICE

I, Joshua Langdon, Esq., do hereby certify that on this 11th day of September, 2018, I caused true and correct copies of the foregoing to be filed via the Court's CM/ECF system, causing service on all counsel of record.

/s/ Joshua R Langdon