**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE LEIGH WHITAKER, et al.** | : | **Case No. 1:18-cv-00540-WOB** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Judge William O. Bertelsman** |
| **v.** | : | |
| | : | |
| **JUDGE JOSEPH W. KIRBY,** | : | |
| | : | |
| **Defendant.** | : | |

**MOTION TO STRIKE AMICUS CURIAE BRIEF OF NON-PARTY**
**THE TREVOR PROJECT**

Defendant Judge Joseph W. Kirby ("Defendant") moves this Court to strike the amicus curiae brief of Non-Party The Trevor Project ("TP").

TP is not a named party in this action. Prior to filing their Brief, TP did not seek leave to intervene in this matter as a named party. This is understandable, as there is no evidence that TP has any connection to the named Plaintiffs in this case, other than the fact that TP is an organization that advocates for transgender individuals, and Plaintiffs are transgender individuals. Accordingly, TP has no standing to intervene in this case as a named party, even if it had asked to do so.

TP also did not seek leave to intervene in this case for the limited purpose of filing an amicus curiae brief with this Court. The failure to obtain leave alone should be sufficient grounds to strike the brief. Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court provide for amicus briefs before the District Court. Courts have held that whether or not to allow parties to intervene for the purpose of providing amicus briefing is within the sound discretion of the reviewing Court. *Donovan v. Gillmor*, 535 F. Supp. 154, 159 (N.D. Ohio 1982). Thus, the party seeking to file an amicus brief must seek leave to intervene from the

Court before being allowed to file, giving the existing parties (particularly the party against whose position the amicus will be directed) the opportunity to be heard regarding whether the amicus is appropriate and necessary. By simply filing its amicus brief, TP has improperly short-circuited this process and *presumed* that its input in this case is appropriate and necessary. Defendant has not located any decisions in this district (or any other) where a party was permitted to unilaterally file an amicus brief without having first obtained leave from the District Court.

In the event that TP seeks to correct its error by formally moving this Court to intervene as an amicus, such motion should be denied.

The acceptance of amicus briefs is within the sound discretion of the Court. *Donovan, supra* at 159, citing *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). Absent joint consent of the parties, acceptance of an intervenor as amicus curiae should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that existing counsel need assistance. Id.

In this case, there is no indication that TP has any special interest in this case, other than the fact that the general interests of its organization align with the interests of the Plaintiffs. There is no evidence that TP has any special interest in the outcome of this case beyond the interest of any LGBTQ organization within the U.S.

Likewise, there is no indication that existing counsel needs the assistance of TP in this case. Lead counsel for Plaintiff is Joshua Langdon. Mr. Langdon's website indicates that he specializes in representing LGBTQ clients in Ohio and Kentucky. In addition, Mr. Langdon was recently joined in the representation of Plaintiffs in this case by three attorneys for the National Center for Lesbian Rights, including its Legal Director. Given the fact that the Plaintiffs are

already represented by four attorneys who specialize in the representation of LGBTQ clients, there is no basis on which to find that existing counsel requires assistance to fully represent the interests of the Plaintiffs.

If the Court determines the TP's amicus brief should be accepted, it should nonetheless strike portions of the brief that introduce facts and evidence. While there is no Federal Rule of Civil Procedure that governs the filing and content of amicus briefs at the district court level, the Court of Appeals for the First Circuit noted that "an amicus who argues facts should rarely be welcomed." *Strasser, supra* a 569.  By introducing facts, TP has effectively transitioned from the role of an amicus presenting law to the impermissible role of arguing facts.  In fact, TP's brief is replete with statements of fact about the "social science" of transgender issues that appear nowhere in the record before this Court.  Presentation of facts by the TP is prejudicial to the Defendant, who does not have the opportunity to conduct discovery with respect to TP's evidence and are thus unable to challenge the authenticity and reliability of its assertions. If TP is to be permitted to participate in this case as an amicus, it should only be to argue the law.  TP should not be permitted to introduce and argue facts, which would effectively make it a party in the case.

For the foregoing reasons, Defendant respectfully moves this Court to strike the brief of non-party The Trevor Project in its entirety, or, in the alternative, to strike the portions of the brief that present, or rely upon, facts or evidence.

Respectfully submitted,


s/ *Aaron M. Glasgow*
J. Stephen Teetor      (0023355)
E-mail: jst@isaacwiles.com
Aaron M. Glasgow    (0075466)
E-mail: aglasgow@isaacwiles.com
ISAAC WILES BURKHOLDER & TEETOR, LLC
2 Miranova Place, Suite 700
Columbus, Ohio 43215
T: (614) 220-5170 / P: (614) 365-9516
*Attorneys for Defendant Judge Joseph Kirby*


### CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Aaron M. Glasgow*
Aaron M. Glasgow      (0075466)