IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| STEPHANIE LEIGH WHITAKER, et al., | ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:18-cv-540-WOB ) |
| JUDGE JOSEPH W. KIRBY, | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE BY THE TREVOR PROJECT AND IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

The Trevor Project, through undersigned counsel, submits this brief in support of its motion for leave to file the amicus brief submitted for filing on Friday, September 14, 2018.  (*See* Doc. 24.)

After reviewing the local rules for the Southern District of Ohio and speaking with representatives from the clerk's office, counsel for The Trevor Project were not aware of a specific procedure or custom requiring a motion for leave as a prerequisite to filing the amicus brief.  Defendant has now moved to strike The Trevor Project's amicus brief.  (Doc. 25.)  Neither counsel nor The Trevor Project means to inconvenience the Court or the parties, and counsel hereby seeks leave now.

1

## ARGUMENT

Consideration of an amicus brief rests in the sound discretion of the Court, and "is appropriate when a party has 'an important interest and a valuable perspective on the issues presented.'" *Bd. of Educ. of the Highland Local Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-cv-524, 2016 WL 4269080, at *6 (S.D. Ohio Aug. 15, 2016) (quoting *United States v. City of Columbus*, No. 2:99-cv-1097, 2000 WL 1745293, at *1 (S.D. Ohio Nov. 20, 2000)) (permitting amicus brief). The Trevor Project requests only to be heard as an amicus—not to intervene or participate in representing the parties—and Defendant cites no authority imposing a heightened relevance standard on such amicus filings.[1] Indeed, courts in the Sixth Circuit generally consider whether the information offered by the amicus is "timely, useful, or otherwise necessary to the administration of justice." *Bd. of Educ. of the Highland Local Sch. Dist.*, 2016 WL 4269080, at *6 (quoting *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991)).

---

[1] *Donovan*, cited by Defendant, is neither controlling nor persuasive. It concerned the motion to intervene as amicus filed by a group that "currently represent[s] clients who have filed suits pursuant to the FLSA." *Donovan v. Gillmor*, 535 F. Supp. 154, 159 (N.D. Ohio 1982). The court denied intervention, finding no special interest or inadequacy of counsel justified the group providing "supplementing assistance" to existing counsel. *Id.* Inasmuch as The Trevor Project requests only to be heard on social science data and counseling experiences that are uniquely within its expertise—and not to intervene—*Donovan* is inapposite.

The Trevor Project respectfully submits that it has an *important interest*, and that the proposed amicus brief presents a *valuable perspective* on the issues presented in this case. Indeed, as detailed in the proposed amicus brief (Doc. 24), The Trevor Project is the nation's largest lesbian, gay, bisexual, transgender, queer, and questioning (LGBTQ) youth crisis intervention and suicide prevention organization. It offers not only recent social science data related to the importance of recognizing transgender persons' chosen names, but the firsthand perspectives of its counseling supervisors who field the calls, text messages, and other communications from LGBTQ youth in crisis—including, specifically, reports of distress concerning the denial of chosen names.

None of the evidence cited in the amicus brief is unavailable to the Defendant or otherwise beyond the Court's purview. The social science materials cited in the amicus brief are publically available via the publications and websites identified therein, and are of the type of "legislative facts" that have been presented in litigation for generations. *See, e.g.*, Ellie Margolis, *Beyond Brandeis: Exploring the Uses of Non-Legal Materials in Appellate Briefs*, 34 U.S.F. L. Rev. 197, 198–99 & n.12 (2000) (tracing the use of social science and other forms of studies to the "Brandeis brief" filed by future U.S. Supreme Court Justice Louis Brandeis in *Muller v.*

*Oregon*, 208 U.S. 412 (1908)). Further, the methodologies employed and the resulting data from these reports and articles speak for themselves. Defendant—who still has yet to file a reply brief in support of his motion to dismiss—has ample access to all of these materials and will not be prejudiced in his ability to respond to them if he so chooses.

Similarly, the probate court decisions mentioned in passing in the amicus brief were filed as exhibits to Plaintiffs' Complaint, and should come as no surprise.

Defendant cites *no* rules or authority precluding The Trevor Project's filing of this amicus brief. Nor does he provide a persuasive reason for discarding the publically available social science data that speaks to the very issue at the heart of this litigation: the ability of transgender teenagers to obtain legal name changes with the support of their parents.

The Trevor Project undoubtedly has "an important interest and a valuable perspective on the issues presented." *Bd. of Educ. of the Highland Local Sch. Dist.*, 2016 WL 4269080, at *6. Accordingly, it respectfully requests to be heard as an amicus curiae.

## CONCLUSION

For these reasons, The Trevor Project respectfully MOVES for LEAVE to file the amicus brief already submitted (Doc. 24), and asks this Court to DENY Defendant's motion to strike (Doc. 25).

Respectfully submitted,

/s/ Brandon D. Cox
Brandon D. Cox (0089815)
  *Counsel of Record

Chad M. Eggspuehler (0094094)
Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Tel:   216.592.5000
Fax:  216.592.5009
E-mail: Brandon.Cox@tuckerellis.com

*Attorneys for The Trevor Project, Amicus Curiae*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2018, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Brandon D. Cox
Brandon D. Cox

*Attorney for The Trevor Project,*
*Amicus Curiae*
