IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE LEIGH WHITAKER, et al. | : | Case No. 1:18-cv-00540-WOB |
| | : | |
| Plaintiffs, | : | |
| | : | Judge William O. Bertelsman |
| v. | : | |
| | : | |
| JUDGE JOSEPH W. KIRBY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF DEFENDANT JUDGE KIRBY IN OPPOSITION TO NON-PARTY THE TREVOR PROJECT'S
MOTION TO INTERVENE AS AMICUS CURIAE**

In its Motion for Leave to intervene in this case as an amicus curiae party, non-party The Trevor Project ("TP") fails to provide sufficient reasons for why it should be allowed to participate in this case as an amicus curiae. Specifically, TP has not shown that is has any special interest in the outcome of this case separate from the general interest it has in LGBTQ issues as an LGBTQ advocacy group. Likewise, TP has failed to show that existing counsel for Plaintiffs are incapable of fully representing the interests of those parties. As a corollary, Plaintiff has not shown that it has information independent from the Plaintiffs and their existing counsel that is relevant and necessary for this Court's determination of the issues in this case. Finally, as a clear advocate for one of side of this case, TP is not asking to intervene in this case to act as a "friend of the Court," but as a "friend of the plaintiffs," which is an improper use of the amicus curiae function. For these reasons, Plaintiff's Motion should be denied.

This Court has complete discretion over whether to permit an amicus curiae to participate in a pending action. *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991). However,

1

when a district court lacks joint consent of the parties it "should go slow" in accepting an amicus. *Strasser v. Dooley*, 432 F. 2d 567, 569 (1st Cir. 1970). An amicus brief is appropriate "when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case…or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise leave to file an amicus curiae should be denied." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997).

TP has not shown that Plaintiffs are not represented competently or that existing counsel is unable to fully represent and prosecute this case on behalf of Plaintiffs. Plaintiffs are represented by four attorneys who hold themselves out as specializing in LGBTQ issues, including transgender issues. In its Motion, TP failed to make any effort to show that Plaintiffs' current attorneys are not competent to fully represent Plaintiffs' interests in this case, or to adequately present the issues in this case to this Court. As such, TP has not established that Plaintiffs' case will be harmed if TP is not allowed as an amicus in this case.

Likewise, TP has not shown that it has an interest in some other case that may be affected by the decision in the present case. In fact, it appears that TP's sole interest in this case is as an advocacy organization for LGBTQ issues. There are, however, hundreds (if not thousands) of LGBTQ advocacy groups in the United States. TP has not shown that it has any more specific interest in the outcome of this case than any of those other organizations. Thus, TP has failed to establish that it has any heightened or specific interest in this case that should merit its intervention in this case, even as an amicus curiae party.

Finally, TP has not shown that it has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. The thrust of TP's brief

is that obtaining a name change is an important step for transgender individuals during their gender transition.  This argument, however, was clearly set forth within the Complaint filed by Plaintiffs' counsel, and Plaintiffs have continued to make the same argument in opposition to Plaintiffs' Motion to Dismiss.  TP has not indicated how it would provide any perspective that is different than the existing parties.  At most, TP will provide only cumulative information to that which has already been provided by Plaintiffs' counsel.

The reality is that TP is not seeking to intervene in this case as a genuine "friend of the court" to provide information or a perspective that will be helpful or different from that of the other parties—to help this Court understand issues in a way that supplements the existing parties.  Instead, TP is a "friend of Plaintiff," merely advocating for a partisan position.  In effect, TP is intervening in this case to tell this Court, "we agree with the Plaintiffs."  This is not the proper role of an amicus.  And this is particularly true when in a proceeding before the District Court based on facts, and not on legal issues.

Defendants do not question that TP has an interest (albeit general) in this issue and outcome in case.  But a generalized interest—no matter how impassioned or well-meaning--does not translate into good cause to be allowed to participate in a case as an amicus.  The existing parties and their attorneys are more than sufficient to present the issue to the Court in this case, without the intervention of third parties without a specific connection to the facts and parties in the case.

Based on the foregoing, Defendant Judge Joseph Kirby respectfully requests that this Court deny the Motion of Non-Party The Trevor Project to intervene in this case as an amicus curiae.

Respectfully submitted,

/s/ Aaron M. Glasgow
J. Stephen Teetor (0023355)
E-mail: jst@isaacwiles.com
Aaron M. Glasgow (0075466)
E-mail: aglasgow@isaacwiles.com
ISAAC WILES BURKHOLDER & TEETOR, LLC
2 Miranova Place, Suite 700
Columbus, Ohio 43215
T: (614) 220-5170 / P: (614) 365-9516
*Attorneys for Defendant Judge Joseph Kirby*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Aaron M. Glasgow
Aaron M. Glasgow (0075466)