IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STEPHANIE LEIGH WHITAKER, et al.** : | | Case No. 1:18-cv-00540-WOB |
| : | | |
| **Plaintiffs,** : | | |
| : | | Judge William O. Bertelsman |
| v. : | | |
| : | | |
| **JUDGE JOSEPH W. KIRBY,** : | | |
| : | | |
| **Defendant.** : | | |

**MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION
FOR EXPEDITED HEARING**

Defendant Judge Joseph Kirby does not oppose this Court hearing this matter on a *reasonably* expedited basis.  However, Defendant objects to framework proposed in Plaintiffs' Motion for Speedy Trial on Declaratory Judgement, which would have this Court hold a bench trial on the merits of this case in less than one month.

First, an evidentiary hearing prior to a determination on Plaintiff's Motion to Dismiss would be premature.  Defendant has urged that this Court should abstain from hearing the claims asserted by Plaintiffs because those claims invite this Court to directly interfere with pending state court proceedings.  In fact, Plaintiffs are asking this Court to step in front of the state court of appeals and review Judge Kirby's decision before the court of appeals has a chance to do so.  Defendant has also raised the fact that Plaintiffs Shaul and Doe do not have standing in this case, as Judge Kirby has not issued a decision regarding either Plaintiff (one of the Plaintiffs has not even filed an application with the Court for a name change).  These are important threshold issues that must be determined before any hearing on the merits can occur.  No evidentiary hearing should be scheduled until this Court rules on Defendants' Motion.

1

Plaintiffs have also been unclear about the actual relief they are seeking. Plaintiffs have indicated that they are not asking for this Court to review and substantively overrule Judge Kirby's decision. Thus, the issue becomes: what do Plaintiffs actually want this Court to order Judge Kirby to do? Until this Court decides Judge Kirby's Motion, the issues that may (or may not) be relevant during hearing on the merits are unclear. Plaintiffs' proposal that an evidentiary hearing should be scheduled within 21 days of the *filing* of Defendants' Reply (which would be less than two weeks from now) is clearly unreasonable. If this Court finds that at least some of Plaintiffs' claims survive Defendant's Motion, Defendant would not oppose some form of hearing on the merits within a reasonable period of time (45 – 60 days) from the date of the *decision*.

In addition, *if* there is a hearing in this case, the Court and parties should confer beforehand as to the scope and parameters of the hearing. As this Court is aware, a court speaks only through its decisions and judgment entries. This means that Judge Kirby should not be subject to cross-examination regarding the underlying reasons for his decisions regarding name-change applications for transgender minors. Likewise, if it is Plaintiffs' position now that they are *not* seeking to overturn Judge Kirby's substantive decision regarding the name change application of Plaintiff Whitaker (or predetermine the name change applications of the other Plaintiffs), the parties should discuss the actual relief that Plaintiffs *are* seeking before the hearing. These issues should be addressed before a hearing occurs, which should preclude scheduling on the hyper-expedited schedule that Plaintiffs suggest.

## **CONCLUSION**

As set forth above, Defendant urges this Court not to set a hearing date until it has made its determination of Judge Kirby's Motion to Dismiss. To the extent that the Court finds that there are issues on which an evidentiary hearing is appropriate, Defendant does not oppose a reasonably

expedited schedule, so long as that schedule provides sufficient time for Defendants to fully prepare and occurs only after there is a clear understanding between the parties regarding the scope of the hearing and relief sought by Plaintiffs.

        Respectfully submitted,

        s/ *Aaron M. Glasgow*
        J. Stephen Teetor    (0023355)
        E-mail: jst@isaacwiles.com
        Aaron M. Glasgow   (0075466)
        E-mail: aglasgow@isaacwiles.com
        ISAAC WILES BURKHOLDER & TEETOR, LLC
        2 Miranova Place, Suite 700
        Columbus, Ohio 43215
        T: (614) 220-5170 / P: (614) 365-9516
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/ *Aaron M. Glasgow*
        Aaron M. Glasgow   (0075466)